## DUNKLIN vs. GAFFORD.

1. The Assessors appointed under the Revenue Act of 6th March 1848 are entitled to commissions on the taxes collected for the use of their respective counties.

Error to the Circuit Court of Butler. Tried before the Hon. Nathan Cook.

THIS was an action of assumpsit brought by the defendant against the plaintiff in error to recover $150 commissions due him as the assessor of the taxes for the county of Butler. The defendant below was the tax-collector, and the only point raised in the case was whether the assessor is entitled, under the revenue act of 1847-8, to commissions on the county tax. The Circuit Court decided in favor of the assessor, to which the collector excepted and now assigns it as error.

WATTS, for the plaintiff in error:

1. The assessor is not required by law and does not in fact *assess the county tax*—he assesses the *State* tax. The *commissioners' court of roads and revenue levy the county tax*, after the *assessment* of the State tax.—See section 50 of Rev. Law, Acts of 1848, p. 17.

2. In section 74 of Rev. Law, the collectors and assessors shall receive compensation for their services, on the amount by them *assessed* and collected. The assessor does not *assess the the county tax*—and therefore he is not entitled to compensation for that which he does not do.—See Acts 1848, p. 23, sec. 74.

Judge, for the defendant:

1. The language of the statute, giving compensation to assessors and collectors, is explicit.—Pamph. Acts, sess. 1847–8, p. 23, § 74. The sole object of said section was to give compensation—and the word "*each*" is a controlling word in the section—and places the matter beyond controversy.

2. The assessment was as much for the benefit of the *county* as for the *State.* The commissioners' court did not *assess* the county taxes—it merely *levied* the taxes for the county on the rates fixed by the *State.* No taxes could have been collected for the county without the benefit of the assessor's labors.

3. The construction above contended for is in harmony with the previous law.—Digest, 569, § 60-1-2-3-4. The general practice, too, under the law of 1847–8, has been to allow the compensation contended for here.

PARSONS, J.—We think there can be no doubt but that the county assessors of taxes, under the revenue act of 1848, are entitled to compensation both on the State and county tax. The language of the 74th section is, "that the several tax-collectors and county assessors shall each receive compensation for their services, at the rate of ten per cent. on the first five hundred dollars of taxes, whether State or county, by them assessed and collected, five per cent. on the next five hundred, two and a half per cent. on the next thousand dollars, two per cent. on the next thousand, and on all over three thousand dollars one per cent." This language is too plain to admit of doubt or construction; both tax-collectors and assessors are allowed compensation on the amount assessed and collected by them, whether it be State or county tax. But it is contended that the assessors do not assess the county tax, and it could not have been the intention to compensate the assessors for services they never rendered. It is true the commissioners' court fixes the amount of the county tax, and issues a warrant to the collector who collects the same, at the same time and in the same manner that he collects the State tax, but in fixing this amount, the commissioners' court must be guided by the assessment made by the assessor; there is no other mode by which it can be done, and this is the mode prescribed by the 50th section of the revenue act refered to. The assessment, therefore, is intended for

the benefit both of the county and State, for by it the taxes due to each are collected; and the language is explicit, that both the assessors and tax-collectors shall receive compensation for their services on the amount assessed and collected, whether it be collected as State or county tax.

Let the judgment be affirmed.